UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>OLATUNDE JAMES TEMITOPE AKINTONDE,<br><br>　　　　Defendant/Petitioner. | Civil No. 22CV1883-JLS<br>Criminal No. 21CR1178-JLS<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Currently pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (ECF No. 34). Having considered Petitioner's motion and the record in this case, the Court will deny Petitioner's motion.

## BACKGROUND

Petitioner Olatunde James Temitope Akintonde was charged by indictment with one count of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and one count of distribution of fentanyl resulting in death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF 1. On July 8, 2021, Petitioner entered a plea agreement and pled guilty to the first count of the indictment, distribution of fentanyl. ECF 17, 18. Petitioner was sentenced on November 24, 2021 to a term of imprisonment of 180 months. ECF 33. In

his plea agreement, Petitioner waived his rights to appeal and to collaterally attack his conviction and sentence, with the exception that he "may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel." ECF 17 at 10.

## ANALYSIS

In his § 2255 motion, Petitioner contends that he was denied effective assistance of counsel because his attorney failed to investigate and present to the court his background and history of substance abuse since he was a teenager. He also contends that his attorney should have brought to the Court's attention the fact that his criminal history was all drug related.

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). Defense counsel's conduct is presumed to be reasonable. *Strickland*, 466 U.S. at 689.

Here, Petitioner fails to establish that his counsel's actions fell below "an objective standard of reasonableness." *Id*., at 688. In the sentencing memorandum filed on behalf of Petitioner, defense counsel did in fact address Petitioner's history of substance abuse since the age of 11 and requested a downward departure on that basis. ECF 27 at 6-7. Thus, the Court finds no basis to conclude that defense counsel's performance with respect to the investigation or presentation of Petitioner's substance abuse history was deficient in any regard.

Petitioner also fails to make any showing that he was prejudiced as a result of his counsel's actions. The Presentence Report also documented Petitioner's history of substance abuse and the nature of his criminal convictions. ECF 21 at 10-11, 13-14. The Court was aware of the information Petitioner contends it was lacking, and the information was taken into consideration by the Court in determining the appropriate sentence. The sentence imposed in this case fell within the guideline range calculated pursuant to the plea

agreement, and defense counsel vigorously advocated for a sentence well below that range. The sentence ultimately imposed was driven by the severity of the consequences of Petitioner's crime, not by any shortcomings of his counsel or lack of mitigation evidence. Accordingly, the Court rejects the contention that Petitioner's conviction or sentence was tainted by ineffective assistance of counsel.

## CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is **DENIED**. Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 4, 2023

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge